Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4679 | **DATE** | 10/7/2003 |
| **CASE TITLE** | Grand Vehicle Works Holding Corp. vs. Transamerica Business Capital | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___.
(3) ☐ Answer brief to motion due ___. Reply to answer brief due ___.
(4) ☐ Ruling/Hearing on ___ set for ___ at ___.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(7) ☐ Trial[set for/re-set for] on ___ at ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Defendant's motion for change of venue and transfer to the United States District Court for the Southern District of New York (4-1) is granted. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 08 2003 | |
| | Notified counsel by telephone. | | date docketed | 17 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SLB | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GRAND VEHICLE WORKS HOLDINGS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | 03 C 4679 |
| v. | ) ) | Judge George W. Lindberg |
| TRANSAMERICA BUSINESS CAPITAL CORPORATION, | ) ) ) | |
| Defendant. | ) | |

DOCKETED OCT 08 2003

## MEMORANDUM OPINION AND ORDER

Defendant Transamerica Business Capital Corporation seeks the transfer of this case to the United States District Court for the Southern District of New York. For the reasons stated below, defendant's motion to transfer is granted.

For the purpose of this motion to transfer, the court accepts the allegations in the complaint as true. See Plotkin v. IP Axess, Inc., 168 F. Supp. 2d 899, 900 (N.D. Ill. 2001). According to the complaint, defendant is the sole secured creditor of Grumman Olson Industries, Inc. ("Grumman"), the debtor in a bankruptcy case pending in the United States Bankruptcy Court for the Southern District of New York. Plaintiff and defendant agreed to the terms of an offer that plaintiff would submit to Grumman (for defendant's primary benefit), under which plaintiff would become the "stalking horse bidder" to purchase Grumman's assets. Being a stalking horse bidder under this agreement would obligate plaintiff to purchase Grumman's assets at an agreed-upon price at auction if no other bidders initially overbid that price by more than $500,000. Plaintiff and defendant also agreed that the bid procedures to be submitted for

the bankruptcy court's approval would provide that plaintiff would be paid a fee if it was not the successful bidder at the auction.

Pursuant to the agreement between plaintiff and defendant, plaintiff offered to purchase Grumman's assets, and Grumman accepted the offer. Grumman then moved for the approval of the agreed-upon bid procedures in the bankruptcy court. Before Grumman's motion could be heard, negotiations of an asset purchase agreement between plaintiff and defendant broke down. At the subsequent hearing before the bankruptcy court, defendant did not support plaintiff's approval as the stalking horse bidder. At defendant's direction, Grumman asked the bankruptcy court not to approve the previously agreed-upon bid procedures. In accordance with that request, the bankruptcy court instead approved bid procedures providing for an open auction.

Plaintiff filed a breach of contract action in the Circuit Court of Cook County, and defendant removed the case to this court. Defendant now moves to transfer this action to the United States District Court for the Southern District of New York.

As an initial matter, the court notes that the parties disagree as to which transfer statute governs. Defendant has brought its motion under 28 U.S.C. § 1412, which provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." Plaintiff contends that the general transfer provisions of 28 U.S.C. § 1404 govern. That statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

The court agrees with plaintiff, since this case is merely related to a bankruptcy case, and

is not a case "under" Chapter 11. See Jackson v. Venture Dep't Stores, Inc., No. 98 C 6216, 1998 WL 778057, at *2 (N.D. Ill. Nov. 3, 1998); see also Ni Fuel Co. v. Jackson, 257 B.R. 600, 623 (N.D. Okla. 2000) (reasoning that Section 1412 was not intended to apply to cases that merely related to bankruptcy proceedings, based on legislative history of statute). In any event, in this case plaintiff does not argue that the case could not have been brought in the Southern District of New York, and therefore there appears to be no reason for distinguishing between the two statutes in this case. See also Jackson, 1998 WL 778057, at *2 (noting that distinguishing between Section 1404 and Section 1412 is "a largely academic exercise").

The court thus analyzes whether this case should be transferred to the Southern District of New York for the convenience of the parties and witnesses, or in the interest of justice. "The 'interest of justice' is a separate component of a § 1404(a) analysis, and may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 220 (7th Cir. 1986) (internal citations omitted). The court concludes that the "interest of justice" component is determinative here.

The complaint alleges that "[i]f Transamerica had supported GVW's 'stalking horse bid,' the Bankruptcy Court would have approved GVW as the 'stalking horse bidder' and the agreed upon Bid Procedures attached to the Motion for Approval." Given that plaintiff's claim depends upon what a bankruptcy judge in the Southern District of New York would have done absent defendant's breach, the court concludes that the interest of justice would be best served by a transfer to that district.[1] Indeed, the court finds it curious that plaintiff has objected to such a transfer, if that judge would have acted as plaintiff alleges. While this court cannot transfer this

---

[1] In addition, at least some of the witnesses in this case are located in New York.

3

case to the bankruptcy court, the district court in the Southern District of New York may choose to do so with the parties' consent, or may refer it to the bankruptcy court for entry of proposed findings if the parties decline to consent. See 28 U.S.C. § 157(c)(1) & (2); SECA Leasing Ltd. P'ship v. Brandt, 144 B.R. 381, 384 (N.D. Ill. 1992).

**ORDERED:** Defendant's motion for change of venue and transfer to the United States District Court for the Southern District of New York [4-1] is granted.

ENTER:

*[signature]*

George W. Lindberg
Senior U.S. District Judge

DATED: **OCT 0 7 2003**

4